IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY DION MALONE, | : | CIVIL ACTION |
| | : | NO. 09-2656 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| BRIAN V. COLEMAN, et al., | : | |
| | : | |
| Respondents. | : | |

**O R D E R**

**AND NOW**, this **4th** day of **March 2010**, upon consideration of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice (doc. no. 9) and Petitioner's objections thereto (doc. no. 11), it is hereby **ORDERED** as follows:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1]

### I. FACTS AND PROCEDURAL HISTORY

On October 5, 2004, Petitioner Terry Dion Malone ("Petitioner") was found guilty on two counts of delivery of a controlled substance and one count of possession with intent to deliver. (Rep. & Rec. 1.) On December 6, 2004, Petitioner was sentenced to an aggregate sentence of seven (7) to fourteen (14) years in a state correctional facility. (Id.)

On March 28, 2005, Petitioner appealed his conviction to the Superior Court of Pennsylvania, however, this appeal was withdrawn by counsel on June 2, 2005. In light of the withdrawal of this direct appeal, Petitioner's sentence became final on July 2, 2005. (Id.) Petitioner filed a timely pro se petition under the Post Conviction Relief Act ("PCRA") on August 10, 2005, which was dismissed without a hearing on May 3, 2006 (the "First PCRA Petition"). (Id. at 2.) Petitioner filed a timely appeal with the Superior Court on May 5, 2006, and which affirmed the dismissal of the First PCRA Petition on March 8, 2007. (Id.) On March 28, 2007, Petitioner filed a timely petition for allocatur

to the Supreme Court of Pennsylvania, which was denied on June 26, 2007. (Id.)

On August 2, 2007, Petitioner filed a second pro se PCRA petition (the "Second PCRA Petition"), which was dismissed by the PCRA court as untimely on September 6, 2007, in light of the fact that it was filed more than two years after his sentence became final. (Id. at 2-3.) Petitioner filed a notice of appeal which was denied by the Pennsylvania Superior Court as untimely on May 7, 2008. (Id. at 3.) On October 16, 2008, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal. (Id.)

On May 4, 2009, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition") in the United States District Court for the Middle District of Pennsylvania. (Id.) Petitioner raised claims for ineffective assistance of counsel on the following grounds: (1) failure to litigate his illegal arrest; (2) failure to move for disclosure of a confidential informant; (3) failure to object to the government's use of prejudicial testimony; (4) failure to object to an erroneous jury instruction; and (5) failure to object to the government's unconstitutional jury selection. (Id.) On June 10, 2009, this case was transferred to the Eastern District of Pennsylvania and referred to Magistrate Judge Rice for a Report and Recommendation.

## II. APPLICABLE LAW

Federal courts are vested with jurisdiction over petitions for habeas corpus for a prisoner "in custody pursuant to the judgment of a State court" in violation of the United States Constitution. 28 U.S.C. § 2254(a). A district court is to apply de novo review to those portions of a magistrate judge's report and recommendation to which objections are made. See 28 U.S.C. § 636(b)(1)(C).

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1).

## III. PETITIONER'S OBJECTIONS TO REPORT AND RECOMMENDATION

Petitioner asserts two objections to Magistrate Judge Rice's findings in the Report and Recommendation: (1) that Magistrate Judge Rice erred in finding that Petitioner's challenge to the constitutionality of the PCRA's statute of limitations is not a cognizable claim under federal habeas

review; and (2) that Magistrate Judge Rice erred in finding that Petitioner did not establish the requisite "extraordinary circumstance" necessary to warrant application of the equitable tolling doctrine. These arguments are addressed in turn.

A. <u>Cognizability of Claims for Federal Habeas Review</u>

Petitioner contends that Magistrate Judge Rice erred by concluding that federal habeas review was not an available forum as to Petitioner's claim concerning the unconstitutionality of the PCRA's one-year statute of limitations.

A federal court does not have jurisdiction to provide habeas relief unless a petitioner alleges that his conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). As a result, the "federal role in reviewing an application for habeas corpus relief is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceedings does not enter into the habeas calculation." <u>Hassine v. Zimmerman</u>, 160 F.3d 941, 954 (3d Cir. 1998); <u>see</u> <u>Lambert v. Blackwell</u>, 387 F.3d 210, 247 (3d Cir. 2004) ("[H]abeas proceedings are not the appropriate forum . . . to pursue claims of error at the PCRA proceeding . . . . It is the original trial that is the 'main event' for habeas purposes."). As explained by the Third Circuit in <u>Lambert</u>:

> We have often noted the general proposition that habeas proceedings are 'hybrid actions'; they are 'independent civil dispositions of completed criminal proceedings.' Federal habeas power is 'limited . . . to a determination of whether there has been an improper detention by virtue of the state court judgment.'

<u>Id.</u> (quoting <u>Hassine</u>, 160 F.3d at 954-55) (internal citations omitted).

Petitioner's challenge as to the PCRA statute of limitations represents an argument that the PCRA process was defective as to him. As explained above, challenges concerning alleged errors in collateral proceedings are clearly outside the scope of federal habeas review. <u>See</u> <u>Abu-Jamal v. Horn</u>, 520 F.3d 272, 297 (3rd Cir. 2008), <u>rev'd on other grounds</u>, <u>Beard v. Abu-Jamal</u>, --- S.Ct. ---, 2010 WL 154862, (U.S. Jan. 19, 2010) (claim that petitioner was denied due process during post-conviction proceedings is not a cognizable claim under federal habeas review); <u>Lambert</u>, 387 F.3d at 247 (petitioner's claim of evidentiary misconduct by the Commonwealth during a PCRA hearing

is not a cognizable claim for purposes of federal habeas review); Hassine, 160 F.3d at 954; Beeman v. Ortiz, 161 F. App'x 767, 769 (10th Cir. 2006) (finding that attack on state post-conviction procedures is not cognizable under § 2254); Roe v. Baker, 316 F.3d 557, 571 (6th Cir. 2002) ("[R]elief may not be granted to a habeas petitioner for alleged deficiencies in a state's post-conviction procedure[.]"). Therefore, it appears that Magistrate Judge Rice correctly found that Petitioner's claim as to the "constitutional infirmity" of the PCRA's one-year statute of limitations is not a viable claim for purposes of federal habeas review.

Even assuming arguendo that Petitioner is correct and his challenge to the PCRA statute of limitations is construed as a cognizable claim, Magistrate Judge Rice clearly articulated the reasons why Petitioner's argument as to the unconstitutionality of the PCRA statute of limitations is without merit. As noted by Magistrate Judge Rice, the PCRA statute of limitations represents a legitimate state interest in finality that is balanced against a petitioner's right to post-conviction relief in the PCRA statute. See Commonwealth v. Bennett, 930 A.2d 1264, 1267 (Pa. 2007) (noting that the one-year time limit set forth in § 9545 is a manifestation of the Pennsylvania legislature's intent to inject finality into the collateral review process). This represents a legitimate balancing of competing interests by the Pennsylvania legislature, such that Petitioner fails to satisfy his burden of demonstrating that this limitation is fundamentally unfair or arbitrary and capricious. The Third Circuit has recognized that a statute of limitations should not be deemed "arbitrary" for purposes of due process where the limitation established is reasonable. See Ciccarelli v. Carey Canadian Mines, Ltd., 757 F.2d 548, 555 (3d Cir. 1985). Petitioner fails to establish how the one-year limitation does not constitute a reasonable restriction on his right to obtain post-conviction collateral relief, particularly since both the PCRA and federal habeas statutes provide exceptions which permit a petitioner to submit newly discovered claims that could not have been earlier discovered with reasonable diligence. See U.S., ex rel. Lipchey v. Corbett, No. 06-989, 2007 WL 2428662, at *8 (W.D. Pa. Aug. 22, 2007) (rejecting petitioner's argument that the PCRA statute of limitations violated due process and finding that the one-year limitation period was a reasonable restriction).

Therefore, Petitioner's objection as to Magistrate Judge Rice's conclusions with respect to the constitutionality of the PCRA one-year statute of limitations is without merit.

B. Equitable Tolling

Petitioner objects to Magistrate Judge Rice's conclusion that no "extraordinary circumstance" exists to justify application of the equitable tolling doctrine. Specifically, Petitioner argues that Magistrate Judge Rice misunderstood Petitioner's argument that his ineffective assistance of counsel was the "extraordinary circumstance," whereas Petitioner's actual argument is that the dismissal of his Second PCRA Petition as untimely represents the extraordinary circumstance warranting equitable tolling.

The doctrine of equitable tolling may apply to the AEDPA's one-year statute of limitations. <u>Miller v. N.J. State Dep't of Corr.</u>, 145 F.3d 616, 618 (3d Cir. 1998). In order for equitable tolling to apply, it must be shown that some "extraordinary circumstance" prevented a petitioner's timely filing. <u>Lawrence v. Florida</u>, 549 U.S. 327, 336 (2007) (internal citation omitted). Courts are instructed to use equitable tolling infrequently and only when demanded by equity. <u>See Seitzinger v. Reading Hosp. & Med. Ctr.</u>, 165 F.3d 236, 239 (3d Cir. 1999) (explaining that "courts must be sparing in their use of equitable tolling"). The burden remains on the petitioner to prove all facts showing that he is entitled to relief. <u>Brown v. Cuyler</u>, 669 F.2d 155, 158 (3d Cir. 1982).

Petitioner's argument that the dismissal of his Second PRCA Petition based on the PCRA limitations period constitutes an "extraordinary circumstance" warranting equitable tolling is patently without merit. As explained above, the constitutionality of the PCRA statute of limitations is firmly grounded. Petitioner does not challenge that the PCRA limitations bar was applied wrongfully in his case, rather he contends that the limitations period itself is defective. This argument is inapposite. The lawful application of the PCRA statute of limitations cannot satisfy Petitioner's burden of demonstrating that an "extraordinary circumstance" prevented his filing the Petition in compliance with the AEDPA's statute of limitations. Therefore, Petitioner's objection to Magistrate Judge Rice's conclusion as to inapplicability of equitable tolling is overruled.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability ("COA"). Under § 2253(c)(1) "an appeal may not be taken to the court of appeals" from the final order in a § 2254 proceeding unless the judge orders a certificate of appealability. 28 U.S.C. § 2253(c)(1). A COA is

2. Petitioner's objections to the Report and Recommendation are **OVERRULED;** and

3. The Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, (doc. nos. 1, 3) is **DISMISSED with prejudice.**

4. There is no basis in the case for the issuance of a certificate of appealability.

**IT IS HEREBY FURTHER ORDERED** that Petitioner's Motion for Oral Argument (doc. no. 12) is **DENIED as moot.**

**AND IT IS SO ORDERED.**

S/Eduardo C. Robreno
**EDUARDO C. ROBRENO, J.**

---

appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). "To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Id. at 483-84 (internal quotation marks and citation omitted).

Based upon the analysis set forth above, the merit of Petitioner's constitutional claims would not be considered debatable among reasonable jurists. Therefore, a COA shall not issue in this case.